UNITED STATES DISTRICT COURT.
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAMARIE APONTE, | |
| Plaintiff, | Case No.: |
| -against- | |
| GAINOR TEMPORARIES, INC. and NORMA MENKIN, | **COMPLAINT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff NAMARIE APONTE ("Ms. Aponte" or "Plaintiff"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against GAINOR TEMPORARIES, INC. ("Gainor" or "Corporate Defendant") and NORMA MENKIN ("Defendant Menkin" or "Individual Defendant") (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This action arises from Defendants' discriminatory and retaliatory conduct against Plaintiff based on her gender and/or pregnancy.

2. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. 1981A (Title VII), and New York City Human Rights Law, codified in the Administrative Code of the City of New York §§ 8-101 *et seq.* ("NYCHRL" or "City Law"), to remedy Defendants' failure to accommodate her pregnancy and Defendants' unlawful termination of her employment based on her pregnancy and/or in retaliation for her requesting reasonable accommodations. Defendants committed these unlawful acts intentionally and willfully, with knowledge that they were violating Title VII and City Law and that Plaintiff would be economically injured.

3. Legal relief is sought pursuant to the ADAAA, Title VII and City Law.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States.

5. Supplemental jurisdiction over Plaintiff's City Law claims is conferred by 28 U.S.C. § 1367(a). Plaintiff was employed by Defendants in the City of New York.

6. Venue is proper in this District under 28 U.S.C. § 1367(b) and (c) in that Defendant conducts business in this District and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

7. Plaintiff has satisfied all jurisdictional prerequisites under the ADAAA and Title VII. Prior to filing this Complaint, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and on July 27, 2022 received a Notice of Right to Sue from the EEOC, thereby giving Plaintiff the right to proceed in federal court and conferring jurisdiction upon this Court.

8. Pursuant to §8-502(c) of the City Law, within ten (10) days of filing this Complaint, Plaintiff shall serve a copy of this Complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York.

## THE PARTIES

### *Plaintiff*

9. Ms. Aponte is an adult individual who resides in Orange County in the State of New York.

10. Ms. Aponte was employed by Defendant from September 2016 until December 2020.

11. Ms. Aponte was at all times material hereto an "employee" within the meaning of the ADAAA, Title VII and City Law.

### *Defendants*

12. Upon information and belief, Corporate Defendant is a corporation organized and existing under the laws of the State of New York, which maintains a principal place of business at 489 5th Ave., New York, New York, 10017.

13. At all relevant times hereto, Corporate Defendant has continuously been doing business in the City of New York and has continuously employed 15 or more employees for each working day in each of the twenty (20) or more calendar weeks in the current and preceding calendar year and accordingly is an "employer" within the definition of the ADAAA and Title VII.

14. At all relevant times hereto, Corporate Defendant has continuously employed (4) or more people and accordingly is an employer within the definition of City Law.

1. Defendant Menkin was at all relevant times Company President of Corporate Defendant.

2. Plaintiff reported to Defendant Menkin at all times during her employment at Gainor.

3. Defendant Menkin supervised Plaintiff and had the power to hire and fire her.

4. Defendant Menkin is an employer individually liable under City Law for discrimination against Plaintiff, given that she had power to do more than carry out personnel decisions made by others.

5. Defendant Menkin recommended, participated in, and/or carried out the adverse actions against Plaintiff and aided and abetted in the discriminatory acts against Plaintiff.

## FACTUAL ALLEGATIONS

15. Ms. Aponte was initially hired by Defendant as an Accounting Manager in September 2016.

16. In 2018, Ms. Aponte was promoted to Finance Manager.

17. In her capacity as Finance Manager, Ms. Aponte was responsible for payroll, financial recordkeeping, benefits administration, onboarding, and some human resources tasks, among other responsibilities.

18. Throughout her employment, Ms. Aponte was qualified for her position, consistently met Defendants' legitimate performance expectations, and satisfactorily carried out her job duties.

19. In January 2020, Ms. Aponte notified Defendant Menkin that she was pregnant and would be taking maternity leave commencing in or about August 2020.

20. Within a few weeks of notifying Ms. Menkin of her pregnancy, Ms. Aponte noticed that Ms. Menkin communicated less frequently with her and no longer consulted with her about most business matters.

21. In or about February 2020, Ms. Aponte complained to Ms. Menkin that she felt that she was being alienated.

22. Ms. Menkin responded in sum and substance by stating that Ms. Aponte was "very emotional" and that her hormones were elevated due to the pregnancy. Ms. Menkin instructed Ms. Aponte to think about the baby she was about to have and stated that she, Ms. Menkin, would think about and make sure to take care of the Company.

23. At that time, Ms. Aponte offered to come back early from her anticipated maternity leave.

24. Ms. Menkin replied by stating, in sum and substance, "that's what you say now, but once you have the baby, you are going to want to be home with the baby and you are not going to be able to think of or focus on anything else." Ms. Aponte was shocked and dismayed by these comments.

25. In June 2020, Ms. Aponte made a minor error which resulted in a few employees remaining on the Company's health insurance plan post-termination. She accepted responsibility for this and took steps to rectify it immediately.

26. Around the same time, Ms. Aponte inadvertently neglected to pay one or two vendor invoices promptly. Again, she took immediate steps to address the issue and ensure it would not happen again.

27. After these performance issues were identified and corrected, Ms. Aponte worked for two months without incident before taking maternity leave in August 2020.

28. In or about June 2020, the Company hired a new comptroller, John Tacoma, who Ms. Aponte trained.

29. Once Mr. Tacoma was hired, Defendant Menkin communicated even less frequently with Ms. Aponte.

30. Plaintiff expressed concerns to Defendant Menkin about Mr. Tacoma taking over her position, but Ms. Menkin assured her that her job was secure. Again, Ms. Menkin told her to focus on the baby.

31. Ms. Menkin's assurances that Ms. Aponte's job was secure were made after Ms. Aponte's performance issues were identified and addressed.

32. In or around the beginning of November 2020, while on maternity leave, Plaintiff realized that she suddenly no longer had access to her work email.

33. A few weeks later, on November 30, 2020, Ms. Aponte emailed Ms. Menkin in anticipation of her return to work from maternity leave.

34. Defendant Menkin asked Plaintiff when she intended to return to work. Plaintiff replied that she planned to return the following Monday and asked whether she should plan to work from home or report to the office given the COVID-19 pandemic. Defendant Menkin then asked her whether she was available for a telephone call that Wednesday, December 2, 2020.

35. On December 2nd, Plaintiff spoke via telephone with Defendant Menkin and a manager from another department, Angela Baade.

36. During the phone call, Ms. Menkin summarily terminated Ms. Aponte's employment, citing as the reason the mistakes she had made months before her maternity leave began.

37. Ms. Aponte questioned why she was being terminated given that the issues had been rectified, stating that Ms. Menkin had not informed her that her job was in jeopardy based on those issues.

38. Ms. Baade intervened and told Ms. Aponte that there was nothing further to discuss.

39. The Company offered Ms. Aponte only two weeks of severance pay.

40. Based on the foregoing, Defendants' termination of Ms. Aponte occurred under circumstances giving rise to an inference of disability and pregnancy (gender) discrimination and/or in retaliation for her requesting a reasonable accommodation.

**FIRST CAUSE OF ACTION**
**(Discrimination on Basis of Gender/Pregnancy**
**in Violation of Title VII)**

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42. By the acts and practices described above, Defendant discriminated against Plaintiff by creating a hostile work environment and terminating her employment on the basis of her gender/pregnancy, in violation of the Title VII.

43. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

44. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendant Bellatorra's discriminatory practices, unless and until this Court grants the relief hereinafter described.

**SECOND CAUSE OF ACTION**
**(Discrimination on Basis of Gender/Pregnancy**
**in Violation of City Law)**

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

46. By the acts and practices described above, Defendants discriminated against Plaintiff on the basis of her gender/pregnancy by creating a hostile work environment and terminating her employment in violation of City Law.

47. Defendants knew that their actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

48. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### THIRD CAUSE OF ACTION
### (Retaliation Based on Plaintiff's Requests for Pregnancy Accommodations in Violation of Title VII)

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

50. By the acts and practices described above, Defendants retaliated against Plaintiff in violation of Title VII by terminating her employment because she requested reasonable accommodations for her pregnancy.

51. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

52. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### FOURTH CAUSE OF ACTION
### (Retaliation Based on Plaintiff's Requests for Pregnancy Accommodations in Violation of City Law)

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

54. By the acts and practices described above, Defendants retaliated against Plaintiff in violation of City Law by terminating her employment because she requested reasonable accommodations for her pregnancy.

55. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

56. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

B. Prejudgment Interest;

C. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

      Plaintiff hereby demands a jury trial on all claims for relief to which she has a right to a jury trial.

Dated: September 29, 2022
       New York, New York

Respectfully submitted,

_____
Liane Fisher, Esq. (LF-5708)
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*